

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Daniel H. Tabak
212 957 7606
dtabak@cohengresser.com

May 28, 2024

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12C
New York, NY 10007

>   Re:  *Ira Schuman v. Visa U.S.A., Inc., InComm Financial Services, Inc., and Pathward, N.A.*, Case No. 1:24-cv-00666-GHW

Dear Judge Woods:

We represent Defendant Visa U.S.A. Inc. ("Visa") in the above-captioned matter. We write pursuant to Rule 2.E.i of Your Honor's Individual Rules to respectfully request a pre-motion conference regarding Visa's anticipated motion to dismiss Plaintiff's Amended Class Action Complaint (ECF No. 29) (the "Amended Complaint" or "AC"). Visa inquired this morning about Plaintiff's position but has not heard back.

As Defendants InComm Financial Services, Inc. and Pathward, N.A. explain in their pre-motion letter (ECF No. 31), (1) Plaintiff does not state a claim against any defendant under New York General Business Law Section 349 because he does not allege an actionable misrepresentation or omission, nor does he allege any injury; and (2) Plaintiff fails to state a claim against any defendant under the Electronic Fund Transfer Act ("EFTA") because, after weighing the costs and benefits, the Consumer Financial Protection Bureau decided to exclude prepaid gift cards from the ambit of the EFTA's provisions governing unauthorized transactions. Visa intends to move to dismiss on these grounds as well as the following additional grounds that apply only to Visa:

GBL § 349:  Plaintiff alleges in the very first paragraph of his Amended Complaint that the basis of his claim is "Defendants' deceptive marketing and sale" of the Vanilla gift cards. AC ¶ 1. Yet, as Plaintiff acknowledges in his Amended Complaint, Visa does not market or sell the gift cards; it only licenses its name and "provides payment processing for Visa-branded card transactions." *Id.* ¶ 12. As a result, Plaintiff's theory

Case 1:24-cv-00666-GHW-GS   Document 32   Filed 05/28/24   Page 2 of 2



Honorable Gregory H. Woods
May 28, 2024
Page 2

that the deceptive act is the "fail[ure] to improve the packaging or establish procedures which would inhibit tampering with the packaging before sale," *id.* ¶ 65, simply does not apply to Visa. *See United States v. Am. Express Co.*, 838 F.3d 179, 207 (2d Cir. 2016) (describing Visa as a "[m]iddleman" that "[b]rings together merchants & acquirers with cardholders & issuers" and is distinct from the cardholder's bank which issues cards and collects payment). Likewise, because Visa's relationship is only with the card issuer and not the consumer, Plaintiff does not allege that Visa has engaged in any consumer-oriented conduct, as required for a Section 349 claim. *Oswego Laborers' Loc. 214 Pension Fund v. Marine Bank*, 85 N.Y.2d 20, 25 (1995).

In addition, Plaintiff's omission theory does not support a Section 349 claim against Visa because Plaintiff cannot allege that Visa had exclusive knowledge of the packaging issue, a key requirement of an omission claim. *See id.* at 26-27. To meet this requirement, Plaintiff relies only on conclusory allegations and references to news reports and anonymous, unverified online comments—many of which do not mention Visa. AC ¶¶ 8, 32-33, 38-43. These allegations, all of which rely on improper group pleading, are insufficient to allege Visa's exclusive knowledge. *See*, *e.g.*, *Woods v. Maytag Co.*, No. 10-cv-0559-ADS-WDW, 2010 WL 4314313, at *16 (E.D.N.Y. Nov. 2, 2010) (rejecting vague allegations of knowledge without factual support).

<u>EFTA</u>: As evidenced by Plaintiff's own allegations, Visa is not a financial institution subject to the liability provisions of the EFTA cited by Plaintiff. *L.S. v. Webloyalty.com, Inc.*, 673 F. App'x 100, 106 n.5 (2d Cir. 2016) ("Appellant's EFTA claim against Visa was properly dismissed. Only the financial institution that is the custodian of the consumer's account or the recipient of the funds transfer can be subject to liability under the statute. . . Visa is neither."); *see also* 12 C.F.R. § Pt. 1005, Supp. I, Paragraph 2(b)(3)(i), ¶ 3 (distinguishing payment networks, like Visa, from financial institutions). Accordingly, the EFTA claim against Visa should be dismissed and Visa should be awarded attorney's fees and costs under Section 1693m(f), the EFTA's mandatory fee-shifting provision.

We are available to discuss this matter further at Your Honor's convenience.

Respectfully submitted,

/s/ Daniel H. Tabak

Daniel H. Tabak

cc:  All Counsel of Record (via ECF)