**WOLF POPPER**

Philip M. Black
845 Third Avenue
New York, NY 10022
212-451-9628
pblack@wolfpopper.com

June 3, 2024

**VIA ECF**
Hon. Gregory H. Woods, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *Schuman v. Visa U.S.A., Inc.*, **1:24-cv-666 (GHW) (GS)**

Dear Judge Woods:

  Pursuant to Part 2(E) of Your Honor's individual rules, we write on behalf of Plaintiff Ira Schuman ("Plaintiff") in response to the requests for a pre-motion conference concerning contemplated Rule 12(b)(6) motions to dismiss the Amended Complaint, filed by Defendants InComm Financial Services, Inc. ("InComm") and Pathward, N.A. ("Pathward") (ECF 31), and Visa U.S.A., Inc. ("Visa") (ECF 32). This letter is a response to both requests.[1]

  This case concerns Defendants' conduct in selling gift cards without ensuring minimally adequate security of those cards, and without informing consumers that the cards are unsecure and subject to immediate theft, and without promptly investigating complaints and refunding affected customers. *See generally* ECF 29 ("Complaint"). Plaintiff alleges that this conduct violates New York General Business Law Section 349 ("Section 349"), and also the federal Electronic Funds Transfer Act ("EFTA"). The Complaint plausibly alleges these claims.

**GBL § 349**

  As Plaintiff alleges in the operative Complaint, he was induced to purchase Visa Vanilla gift cards because he reasonably expected that they included adequate security features such that the funds would be secure, and that any issues would be handled promptly by Visa. *See* Complaint ¶¶ 21, 63-71. Contrary to Defendants' argument, to a reasonable consumer such as Plaintiff, the presentation of the card and the presence of the "VISA" logo means more than simply that the card can be used on the Visa network; it also creates the expectation that the card is a reasonably secure alternative to cash and that any critical or widespread problems with Visa Vanilla gift cards would be addressed by Visa (or at least by one of the three defendants). But in fact, the Visa Vanilla cards are unsecure and the funds used to purchase them are subject to immediate theft—facts which are material, but which are not disclosed to consumers. Accordingly, Plaintiff lost funds that he reasonably believed were secure when he purchased the Vanilla Gift cards. *See Rivera v. Navient Solutions, LLC*, 20-cv-1284-LJL, 2020 U.S. Dist. LEXIS 150129, *21 (S.D.N.Y. Aug. 19, 2020) (for a section 349 claim, a plaintiff must show

---

[1] Plaintiff is aware that the Court granted the requests for a pre-motion conference on May 29, 2024. ECF 33, 34. This letter is intended only to aid the Court's understanding of the issues that will be discussed at the pre-motion conference on June 7, 2024.

**WOLF POPPER**

Hon. Gregory H. Woods, U.S.D.J.
June 3, 2024
Page 2

injury from conduct that is "likely to mislead a reasonable consumer acting reasonably under the circumstances" (citation omitted)). At this stage, Plaintiff has adequately alleged a violation of Section 349. *See id.* at *21-22 ("a determination of whether a particular act or practice is misleading is not ordinarily appropriate for decision on a motion to dismiss").

There is strong precedent for sustaining Plaintiff's consumer protection claim. In *Shay v. Apple Inc.*, the plaintiffs alleged claims against Apple for "marketing, selling and/or distributing defective, unsecure and valueless Apple gift cards that Defendants knew or should have known [were] subject to an ongoing scam where the funds on the gift cards [were] fraudulently redeemed by third parties accessing the Personal Identification Number ('PIN') prior to use by the consumer." 512 F. Supp. 3d 1066, 1069 (S.D. Cal. 2021). The plaintiffs contended that Apple, among other things, "concealed material facts from customers regarding the vulnerabilities of its cards." *Id.* at 1070. The court sustained the complaint, observing that "Plaintiff's allegations center on Apple's affirmative acts and concealment involving its sale of gift cards. . . . Taking the allegations in the [complaint] as true, Plaintiff has alleged direct conduct and alleged participation in the alleged unfair business practices by Apple in violation of the CLRA and UCL." *Id.* at 1072. This case is persuasive because Section 349 applies the same "reasonable consumer" test as the California UCL and CLRA, requiring a showing that the Defendants' conduct is objectively likely to deceive or mislead consumers. *See Price v. L'Oréal United States, Inc.*, 2020 U.S. Dist. LEXIS 153255, at *29 (S.D.N.Y. Aug. 24, 2020) (analyzing Section 349, UCL, and CLRA claims together). The Complaint here plausibly alleges such conduct, especially with all inferences drawn in Plaintiff's favor.

**EFTA**

Defendants' arguments that EFTA does not apply to them are unconvincing. Defendants' interpretations of the statute twist its language in a way that contravenes its "primary objective," which "is the provision of individual consumer rights." 15 U.S.C. § 1693(b).

Visa argues that EFTA does not apply to it because it is not a financial institution. But the EFTA definition of financial institution is broad and includes "any other person that directly or indirectly holds an account belonging to a consumer, or that issues an access device and agrees with a consumer to provide electronic fund transfer services." 12 C.F.R. § 1005.2(i); *see also* 15 U.S.C. § 1693a(9). Visa's filings with the U.S. Securities and Exchange Commission state that Visa "offer[s] a wide range of Visa-branded payment products," emphasizes that gift cards are a "core" part of its business, and states that "Visa's obligation is to stand ready to provide continuous access to Visa's payments network ***and related services*** with respect to Visa-branded payments programs." Complaint ¶ 18 (citing Visa Inc.'s 2023 Form 10-K at 8). The front of the Visa Vanilla gift card only identifies Visa, and the back of the card says that the card "is issued by Pathward, N.A., Member FDIC, pursuant to a license from Visa U.S.A. Inc." ¶ 23. And unlike for bank cards and other cards that use the Visa network, the Visa Vanilla website prominently and extensively portrays the cards as ***Visa*** cards and mentions Incomm and

**WOLF POPPER**

Hon. Gregory H. Woods, U.S.D.J.
June 3, 2024
Page 3

Pathward only in fine print.[2]  These facts create a strong inference that the Visa is more than just a middleman payment network in these circumstances. The case cited by Visa, *L.S. v. Webloyalty.com, Inc.*, 673 F. App'x 100, 106 n.5 (2d Cir. 2016), is unpublished and therefore not binding, but is also distinguishable, because it involved allegations that that an online membership program debited the plaintiff's preexisting bank debit card without his consent—a different situation in which Visa's involvement was highly attenuated, unlike here.

      Incomm and Pathward argue that EFTA does not apply to them because the Visa Vanilla gift cards do not create "accounts" as defined by EFTA. First, their argument is contrary to fact, because the Visa Vanilla website allows consumers to check their balance and refers to a "Vanilla Gift Visa Virtual Account."[3] Second, their reading of EFTA is wrong. The provision that they cite exempts gift cards from the specific definition of "prepaid account," but not from the general definition of "account." *See* 12 C.F.R. § 1005.2(b). Assuming Defendants are correct, all this means is that Visa Vanilla gift cards are not subject to the special requirements applicable only to prepaid accounts in 12 C.F.R. § 1005.18. *See Johnson v. Green Dot Corp.*, No. EDCV 20-1952-GW-KKx, 2021 U.S. Dist. LEXIS 129235, at *18 (C.D. Cal. July 8, 2021) ("[T]he CFPB included a different requirement for prepaid accounts; specifically, completion of the 'consumer identification and verification process.'"). This does not mean, however, that they are not subject to the more general EFTA requirements for "accounts." As this Court recognizes, the definition of "account" under EFTA is extremely broad such that "the EFTA applies to any asset account established by a natural person primarily for personal, family, or household purposes." *Nero v. Uphold HQ Inc.*, No. 22cv1602 (DLC), 2023 U.S. Dist. LEXIS 149562, at *14 (S.D.N.Y. Aug. 23, 2023). Contrary to Defendants' insinuation, Plaintiff's claims, if successful, would not upend the gift card industry, because Plaintiff is not seeking to impose potentially unwieldy requirements on Visa Vanilla gift cards such as those contained in 12 C.F.R. § 1005.18. Instead, Plaintiff is merely asserting that Defendants must respond, investigate, and reimburse consumers promptly when their gift card funds are stolen due to the cards' lack of security, as generally required by EFTA and consistent with the statute's purpose of protecting consumers. *See* 15 U.S.C. § 1693f.

      Based on the foregoing, Defendants' motions to dismiss would be futile and should be denied. We appreciate the Court's consideration of this letter and look forward to the conference.

      Sincerely,

/s/ *Philip M. Black*
**Wolf Popper LLP**
Philip M. Black
Timothy D. Brennan
*Attorneys for Plaintiff*

---

[2] https://www.vanillagift.com/
[3] https://balance.vanillagift.com/