UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRA SCHUMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISA U.S.A., INC., INCOMM FINANCIAL SERVICES, INC., and PATHWARD, N.A.,<br><br>Defendants. | Civil Action No.: 1:24-cv-00666-GWH |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Ira Schuman ("Plaintiff") respectfully requests leave of Court to file a Second Amended Complaint ("SAC"), a copy of which attached hereto.[1] Through the SAC, Plaintiff intends to withdraw his claim under the Electronic Fund Transfer Act ("EFTA"). As explained in greater detail below, Plaintiff sought the consent of Defendants but unfortunately, Plaintiff could not reach an agreement with InComm Financial Services, Inc. ("InComm") or Pathward, N.A. ("Pathward"). However, Visa U.S.A., Inc. ("Visa") consents to the withdrawal of the EFTA claim as to any defendant. Plaintiff's intent is to minimize the burden on the Court and on the parties.[2]

Plaintiff alleges that Defendants violated N.Y. Gen. Bus. Law § 349 ("GBL § 349") and the federal EFTA in connection with the marketing, packaging, and sale of its Visa Vanilla gift

---

[1] Plaintiff's proposed Second Amended Complaint is attached hereto as Exhibit 1.

[2] Plaintiff discussed filing a pre-motion letter seeking permission to file a motion for leave to amend. However, given that Your Honor's Individual Practices do not require a pre-motion letter in advance of a motion to amend, Plaintiff elected to file this short motion.

1

cards. The Amended Complaint alleges, generally, that Defendants failed to disclose to Plaintiff and the Classes that Defendants' Visa Vanilla gift cards are vulnerable to tampering and theft and refused to properly investigate and respond to complaints from consumers about theft of their funds. Respectfully, for the reasons set forth below, the Court should grant Plaintiff's Motion.

### **Relevant Factual History**

Plaintiff filed his initial Complaint on January 30, 2024. ECF 1. The Complaint alleged one violation of New York law on behalf of a class of consumers who purchased Visa Vanilla gift cards in New York. On April 15, 2024, Plaintiff, on consent of all three defendants, filed an Amended Complaint, which added a claim for violations of the EFTA. ECF 27. Plaintiff's EFTA claim was filed on behalf of a nationwide class of consumers. Plaintiff seeks damages and injunctive relief.

On May 28, 2024, Defendants filed pre-motion letters to request a pre-motion conference concerning a motion to dismiss the Amended Complaint. InComm and Pathward filed a joint letter (ECF 31) and Visa filed its own letter (ECF 32). On June 10, the Court held a pre-motion conference regarding the letters. During the pre-motion conference, the Court ordered Defendants to file their motion(s) no later than July 8, 2024 and Plaintiff to file any response(s) no later than September 16, 2024. ECF 36.

After considering the points raised by Defendants concerning Plaintiff's EFTA claim during the pre-motion conference, counsel for Plaintiff emailed Defendants on June 13, 2024 seeking consent from all Defendants to permit Plaintiff to withdraw the EFTA claim via a Second Amended Complaint. Ex. 2.[3] On June 14, 2024, InComm rejected Plaintiff's offer, asserting that InComm preferred to "obtain an adjudication of the motion to dismiss the claim." Ex. 3. As a

---

[3] Exhibits 2 –9 are true and correct copies of emails that were sent between counsel for the parties.

counterproposal to Plaintiff's offer to withdraw his EFTA claim, InComm offered to proceed with its motion and that Plaintiff should indicate in a response that he has no opposition to InComm's motion, thus requiring the Court to issue a ruling on a withdrawn claim. *Id*. On the following business day, June 17, 2024, counsel for Plaintiff asked InComm to reconsider given the options available to the parties. Ex. 4. On June 17, InComm reaffirmed its opposition to Plaintiff's proposal and restated that it intends to pursue its Motion to Dismiss the Amended Complaint. Ex. 5. On or about June 14, Plaintiff's counsel followed up with Visa by telephone regarding Plaintiff's proposal. Counsel for Visa indicated that he would get back to Plaintiff after he had consulted with his client. Plaintiff left a follow-up message for Visa on or about the following business day.

On June 20, 2024, Visa informed Plaintiff that Visa consents to the withdrawal of Plaintiff's EFTA claim as to Visa only or as to all Defendants. Ex. 6. On June 21, 2024, counsel for Plaintiff called counsel for Pathward as a follow-up to Plaintiff's prior correspondence. Counsel for Pathward responded by email the same day to advise that her clients were not available last week and that Pathward would respond to Plaintiff's proposal by June 24, 2024. Ex. 7. On June 24, 2024, Pathward informed Plaintiff that it would not consent to Plaintiff's proposal. Ex. 8. On June 25, 2024, counsel for Plaintiff informed Defendants that Plaintiff would seek relief from the Court. On June 26, 2024, counsel for Plaintiff and InComm engaged in an additional attempt at resolving the dispute. Counsel for Plaintiff stated that Plaintiff would voluntarily dismiss his claim with prejudice. On June 27, 2024, InComm's counsel rejected Plaintiff's offer. Ex. 9.

### **Plaintiff's Proposed Second Amended Complaint**

With a Second Amended Complaint, Plaintiff seeks to streamline these proceedings and conserve judicial and party resources. Notwithstanding the position expressed by InComm and Pathward that filing a motion to dismiss and seeking to have the Court rule on a withdrawn claim is the "most efficient" option for the Court and the parties, an amendment that removes one of two causes of action from the Amended Complaint—without adding any new claims—is clearly the more efficient course of action. Critically, there would be no reason to disturb the Court's Order setting a briefing schedule for Defendants' Motion(s) to Dismiss.

Courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Leave should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Where a plaintiff seeks to amend [his] complaint while a motion to dismiss is pending, a court 'may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading.'" *Pecou v. Bessemer Trust Co.*, 22-cv-01019-MKV, 2022 U.S. Dist. LEXIS 152259, *3 (S.D.N.Y. Aug. 24, 2022) (*quoting Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020)). If a plaintiff's "proposed amendment requires leave of court, 'the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Trott v. Deutsche Bank, AG (In re Madison Asset LLC)*, 2021 U.S. Dist. LEXIS 89754, *3 (S.D.N.Y. May 11, 2021) (internal quotation omitted) (granting the plaintiff's motion for leave to amend complaint to **add** allegations to the complaint and denying the pending motion to dismiss as moot); *see also Pecou*, 2022 U.S. Dist. LEXIS 152259, *4 (granting the plaintiff leave to amend to **add** another plaintiff and denying pending motion to dismiss as moot).

Here, Plaintiff offered to withdraw the EFTA claim three days after the June 10th Conference and more than three weeks *before* InComm and Pathward's deadline to file their anticipated motion(s). As described above, Plaintiff's counsel did not delay seeking Defendant's consent to withdraw the EFTA claim and made several attempts to resolve this dispute with InComm and Pathward. Moreover, Plaintiff's proposed amendment will prejudice neither InComm nor Pathward because the deadline to file their motion is not until July 8, 2024. Finally, by withdrawing one of his two claims, Plaintiff's proposed amendment will serve the interests of judicial economy.

For the reasons set forth above, Plaintiff respectfully requests that the Court grant leave to file the SAC.

DATED: June 28, 2024                                    Respectfully submitted,

**WOLF POPPER LLP**

By: */s/ Patricia I. Avery*

Patricia I. Avery
Philip M. Black
Timothy D. Brennan
845 Third Ave.
New York, NY 10022
212-759-4600
pavery@wolfpopper.com
pblack@wolfpopper.com
tbrennan@wolfpopper.com

*Attorneys for Plaintiff and the Putative Classes*