# EXHIBIT 5

| | |
|---|---|
| **From:** | Metcalf, Jane (x2152) |
| **To:** | Timothy D. Brennan; Philip M. Black; Daniel H. Tabak; Sri Kuehnlenz; Jillian Gray; Feder, Daniel (x2236); Ricardo, Henry J. (x2340); Christine Cesare |
| **Cc:** | Patricia I. Avery |
| **Subject:** | RE: Schuman v. Visa - EFTA claim |
| **Date:** | Monday, June 17, 2024 6:33:19 PM |

Hi Tim,

Thank you for your prompt response.  We note that the first option you list ("Plaintiff exercising a right to amend as a matter of course under FRCP 15(a)(1) after you file your motion") is not available because Plaintiff has already amended his pleading once.  As between the other two options, dismissal of the EFTA claim pursuant to the motion for which the court has already reviewed the issues and ordered a briefing schedule is more efficient than filing a separate motion for leave to amend the complaint a second time.  In addition, InComm is not seeking an "advisory opinion," but rather is seeking dismissal of a live claim that Plaintiff has placed before the Court.  As noted, we appreciate Plaintiff's decision not to oppose the motion, but an unopposed motion and a "moot" motion are two different things.

Thus, we stand by the position articulated in my June 14 email.  Please let us know Plaintiff's response or if you all would like to discuss.

Regards,
Jane

---

**From:** Timothy D. Brennan <TBrennan@wolfpopper.com>
**Sent:** Monday, June 17, 2024 4:24 PM
**To:** Metcalf, Jane (x2152) <jmetcalf@pbwt.com>; Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>
**Subject:** RE: Schuman v. Visa - EFTA claim

**External: Think before you click.**

Hello Jane,
Thanks for your response.  I'm emailing you because Phil is out of the office today and we wanted to get back to you quickly.  We appreciate your suggestion and will consider your response and the anticipated responses of the other defendants.  We do not want to fight about procedure, but we stand by our proposal as being the most efficient under the circumstances compared to the other options (e.g., Plaintiff exercising a right to amend as a matter of course under FRCP 15(a)(1) after you file your motion; or asking the Court for leave to amend while the motion to dismiss is pending; or asking the Court to issue what would essentially be an advisory opinion on a moot issue).  If finality is your primary concern, we assure you by this correspondence that Plaintiff does not intend to seek to amend his complaint again in the future to add the EFTA claim back; and in any event, we expect that the Court would not permit Plaintiff to do so.
Please let us know if you'd like to discuss.
Thank you,

Tim

Timothy Brennan, Of Counsel

**WOLF**POPPER

845 Third Ave., New York, NY 10022
Direct Phone: (212) 451-9616
Mobile: (862) 242-0776
Email: tbrennan@wolfpopper.com
www.wolfpopper.com
Follow Wolf Popper on LinkedIn & Twitter

**From:** Metcalf, Jane (x2152) <jmetcalf@pbwt.com>
**Sent:** Friday, June 14, 2024 1:51 PM
**To:** Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>; Timothy D. Brennan <TBrennan@wolfpopper.com>
**Subject:** RE: Schuman v. Visa - EFTA claim

Philip,

Thank you for your email. InComm appreciates Plaintiff's reconsideration of the EFTA claim in light of Monday's conference, but disagrees with Plaintiff's proposed approach of filing a Second Amended Complaint essentially taking back the claim. Plaintiff has already amended his complaint for the sole purpose of *adding* the EFTA claim, and InComm, in turn, has invested appreciable resources in analyzing the claim and teeing up a Rule 12 motion on it. (It also appeared from Monday's conference that the Court had invested time and effort in analyzing the parties' arguments on the claim.) Rather than having that effort go to waste, InComm would prefer to see this through and obtain an adjudication of the motion to dismiss the claim.

For these reasons, InComm does not consent to the proposed filing of a Second Amended Complaint. At the same time, as noted, InComm appreciates Plaintiff's reconsideration, and obviously does not wish to waste resources litigating a dispute that is no longer live. InComm therefore suggests the following: InComm will move to dismiss the claim as planned in its forthcoming MTD, but will note in the MTD its understanding that Plaintiff no longer intends to oppose the dismissal of that claim with prejudice. Plaintiff can then confirm this non-opposition in his responsive papers. This preserves everyone's resources, in that InComm can obtain a dispositive ruling on the motion in which it has already invested considerable time and effort; the parties need not waste resources going forward by litigating an issue that Plaintiff is willing to concede; and the Court need not waste additional resources entertaining further substantive argument on that issue. If Plaintiff agrees to proceed in this manner, InComm will agree not to pursue the claim for fees referenced in its pre-motion letter.

Please let us know if this approach is acceptable to Plaintiff. For the avoidance of doubt, I should note that the above reflects only InComm's position – counsel for Visa and Pathward can speak to those defendants' positions.

Regards,
Jane

**From:** Philip M. Black <PBlack@wolfpopper.com>
**Sent:** Thursday, June 13, 2024 11:50 AM

**To:** Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Metcalf, Jane (x2152) <jmetcalf@pbwt.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>; Timothy D. Brennan <TBrennan@wolfpopper.com>
**Subject:** Schuman v. Visa - EFTA claim

**External: Think before you click.**

Counsel,

We have considered the points you raised in the pre-motion conference on Monday. We continue to believe that Plaintiff's EFTA claim is valid and based on a proper textual interpretation of the statute and regulations, especially considering the statute's declared primary objective of providing individual consumer rights. However, in light of the hearing, we have determined that continued litigation of the EFTA claim is not in the best interest of Plaintiff or the proposed class. Accordingly, we intend to withdraw the EFTA claim via a second amended complaint, as proposed in the attachment hereto. In the interest of efficiency, please let us know if you consent to this amendment, in which case we will file it promptly, without affecting the motion to dismiss briefing schedule. We should also submit a letter to the Court advising of the nature of the amendment and that the briefing schedule can remain in effect.

Thanks,

-----

Philip M. Black, Partner

WOLFPOPPER

845 Third Ave., New York, NY 10022
Direct Phone: 212-451-9628
Email: pblack@wolfpopper.com
www.wolfpopper.com

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.