# EXHIBIT 9

| | |
|---|---|
| **From:** | Metcalf, Jane (x2152) |
| **To:** | Timothy D. Brennan; Philip M. Black; Daniel H. Tabak; Sri Kuehnlenz; Jillian Gray; Feder, Daniel (x2236); Ricardo, Henry J. (x2340); Christine Cesare |
| **Cc:** | Patricia I. Avery |
| **Subject:** | RE: Schuman v. Visa - EFTA claim |
| **Date:** | Thursday, June 27, 2024 4:07:57 PM |

Hi Tim,

On behalf of InComm, we have considered the offer Plaintiff made yesterday to stipulate to dismissal of the EFTA claim prejudice. We appreciate the offer, but we decline it. We have a fully ripe motion to dismiss both claims that the Court has authorized us to file, and think the simplest course at this point is to stay on that track-- while noting in our motion that plaintiff is no longer opposing the motion as to the EFTA claim. The Court may then rule on the unopposed motion. We believe this will create a more accurate record of this proceeding than a stipulation, which could give the incorrect impression of a settlement of the EFTA claim for consideration.

We wish to emphasize that **our proposed approach <u>does not</u> require the Court, or the parties, to devote <u>one more second</u> of effort to litigating or deciding the merits of Plaintiff's EFTA claim**. As we have explained, we would state in our moving papers that Plaintiff had informed us of his intention not to oppose dismissal of that claim. Plaintiff could confirm as much in his papers, and the Court would then have discretion to grant the motion as unopposed without further analysis of the merits. As also stated, we would not pursue fees in this scenario. So no further resources would be invested in litigating or deciding Plaintiff's EFTA claim. If Plaintiff were to suggest otherwise in a pre-motion letter or other application to the Court, that would be a misrepresentation. (Please understand that I am not implying any intention on counsel's part to make a deliberate misrepresentation. But you all have invoked "conservation of resources" several times as an argument for consenting to amendment of the complaint, which has suggested to me that you are under a misapprehension as to what we're proposing, which would in fact require no resources. So I wanted to be very clear about that.)

What <u>would</u> result in inefficiency and wasted resources, however, is Plaintiff's filing of a pre-motion letter for a motion for leave to amend to dismiss the EFTA claim. Defendants have already teed up a motion to dismiss the EFTA claim (along with the rest of the Complaint), and the Court has already set a schedule for that motion. Yet Plaintiff now seeks to intercept that motion to dismiss the EFTA claim, and slot in his own *separate* motion for dismissal of the EFTA claim, on terms he evidently considers more favorable. Then the defendants will have to respond to that motion (or pre-motion letter), the Court will have to entertain it, etc. This would all be in the service of Plaintiff's motion for an outcome – dismissal of the EFTA claim – that defendants have <u>already teed up a motion for</u>. How such a maneuver by Plaintiff could possibly promote efficiency, we do not understand.

Finally, we note the statement in your June 13 email that Plaintiff remains fully convinced of the merits of his own EFTA claim, but has decided "continued litigation of the claim was not in the best interest of Plaintiff or the proposed class." In other words, it is not that the Court's statements at the pre-motion conference have prompted any real reconsideration of the claim, but rather that you determined that the Court was not favorably disposed to Plaintiff's position, and that "the proposed class" would be better served by preserving the option of trying out the claim somewhere else, before a different judge. We doubt this, as we consider the EFTA claim transparently deficient and expect that any judge would too. However, this apparent use of the pre-motion conference procedure to facilitate forum shopping is also not an efficient use of the Court's resources. So we hope you will reconsider your intention to file a pre-motion letter, and allow the parties to move forward on the path that the Court already authorized and is expecting.

One final note FWIW: InComm would be amenable to a stipulation of dismissal of Plaintiff's <u>entire</u>

<u>complaint</u> with prejudice.  That actually would preserve resources.   We don't understand that to be on offer, but just wanted to flag that for your consideration.

Regards,
Jane

---

**From:** Timothy D. Brennan <TBrennan@wolfpopper.com>
**Sent:** Wednesday, June 26, 2024 4:44 PM
**To:** Metcalf, Jane (x2152) <jmetcalf@pbwt.com>; Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>
**Subject:** RE: Schuman v. Visa - EFTA claim

**External: Think before you click.**

Jane,

I understand that you just spoke with Pat.  Plaintiff is willing to enter into a stipulation dismissing the EFTA claim <u>with prejudice</u>, if that would assist with resolving the disagreement over the most efficient course of action.  Pat explained to me that you'll speak with your client and get back to us tomorrow.

**Christine**, although we haven't spoken on the phone about this, Plaintiff's proposal extends to Pathward, as well.  Is Pathward open to that resolution?  If you'd like to talk about it, please feel free to give me a call.

Thanks,

Tim

Timothy Brennan, Of Counsel

**WOLF**POPPER

845 Third Ave., New York, NY 10022
Direct Phone: (212) 451-9616
Mobile: (862) 242-0776
Email: tbrennan@wolfpopper.com
www.wolfpopper.com
Follow Wolf Popper on LinkedIn & Twitter

**From:** Metcalf, Jane (x2152) <jmetcalf@pbwt.com>
**Sent:** Tuesday, June 25, 2024 4:58 PM
**To:** Timothy D. Brennan <TBrennan@wolfpopper.com>; Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>
**Subject:** RE: Schuman v. Visa - EFTA claim

Tim,

On behalf of InComm, thanks for the update on Plaintiff's plans.  But we notice that per Judge Woods's Individual Rules, Part E, no pre-motion letter is required (or solicited) for a motion for leave to amend the complaint.  We're not presuming to advise Plaintiff on how to prosecute his case, but we raise this only because of the timing issue we have noted previously.  The Court has set a due date of July 8 for our motion to dismiss the current complaint, so we need to know if we are sticking with that or if Plaintiff is making a separate motion for leave to amend the complaint.  We had hoped for an answer on that today.  Plaintiff's stated intention to file a pre-motion letter, where one is not required by the rules, seems to needlessly prolong the uncertainty over this – and increase the investment of party and Court resources in this issue – all while our MTD deadline is fast approaching.

We would again encourage the Plaintiff to consider our proposal of Fri 6/14, which seems to us by the far the most efficient and sensible course, and would enable us to preserve the previously ordered schedule and avert motion practice.  As noted, under this approach we would acknowledge in our motion our understanding that Plaintiff does not oppose the dismissal of the claim, and we would also desist from any pursuit of fees in connection with Plaintiff's prosecution of the EFTA claim.  Please let us know Plaintiff's position.

Regards,
Jane

**From:** Timothy D. Brennan <TBrennan@wolfpopper.com>
**Sent:** Tuesday, June 25, 2024 9:56 AM
**To:** Metcalf, Jane (x2152) <jmetcalf@pbwt.com>; Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>
**Subject:** RE: Schuman v. Visa - EFTA claim

**External: Think before you click.**

Jane,
Now that we have Pathward's response, please note that Plaintiff intends to file a pre-motion letter for a motion to amend the complaint.  We expect to do so in the next day or two.
Tim

Timothy Brennan, Of Counsel

WOLFPOPPER

845 Third Ave., New York, NY 10022
Direct Phone: (212) 451-9616
Mobile: (862) 242-0776
Email: tbrennan@wolfpopper.com
www.wolfpopper.com
Follow Wolf Popper on LinkedIn & Twitter

**From:** Metcalf, Jane (x2152) <jmetcalf@pbwt.com>
**Sent:** Monday, June 24, 2024 10:27 AM
**To:** Timothy D. Brennan <TBrennan@wolfpopper.com>; Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>

**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>
**Subject:** RE: Schuman v. Visa - EFTA claim

Hi Tim – thanks for your note below. We understand that you're waiting to hear from all three defendants, but will just flag that, as you know, we have a motion deadline coming up on July 8. So we need some clarity sooner than later as to whether we're proceeding with that or you all are moving for leave to amend. Please do let us know by tomorrow.

Thanks,
Jane

**From:** Timothy D. Brennan <TBrennan@wolfpopper.com>
**Sent:** Friday, June 21, 2024 6:14 PM
**To:** Metcalf, Jane (x2152) <jmetcalf@pbwt.com>; Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>
**Subject:** RE: Schuman v. Visa - EFTA claim

**External: Think before you click.**

Hi Jane:

Thank you for following up. We are waiting for a response from Pathward's counsel, which we expect to receive early next week. We will reach back out to you after we hear from Bryan Cave. Have a nice weekend.

Tim

Timothy Brennan, Of Counsel
**WOLFPOPPER**

845 Third Ave., New York, NY 10022
Direct Phone: (212) 451-9616
Mobile: (862) 242-0776
Email: tbrennan@wolfpopper.com
www.wolfpopper.com
Follow Wolf Popper on LinkedIn & Twitter

**From:** Metcalf, Jane (x2152) <jmetcalf@pbwt.com>
**Sent:** Friday, June 21, 2024 1:07 PM
**To:** Timothy D. Brennan <TBrennan@wolfpopper.com>; Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>
**Subject:** RE: Schuman v. Visa - EFTA claim

Hi Tim & team – can you let us know where things stand on this, now that InComm and Visa have communicated their respective positions? How does Plaintiff propose to proceed from this point? We'd like to get that insight sooner than later, given the briefing schedule we have in place. Thanks.

**From:** Metcalf, Jane (x2152)
**Sent:** Monday, June 17, 2024 6:33 PM

**To:** 'Timothy D. Brennan' <TBrennan@wolfpopper.com>; Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>
**Subject:** RE: Schuman v. Visa - EFTA claim

Hi Tim,

Thank you for your prompt response.  We note that the first option you list ("Plaintiff exercising a right to amend as a matter of course under FRCP 15(a)(1) after you file your motion") is not available because Plaintiff has already amended his pleading once.  As between the other two options, dismissal of the EFTA claim pursuant to the motion for which the court has already reviewed the issues and ordered a briefing schedule is more efficient than filing a separate motion for leave to amend the complaint a second time.  In addition, InComm is not seeking an "advisory opinion," but rather is seeking dismissal of a live claim that Plaintiff has placed before the Court.  As noted, we appreciate Plaintiff's decision not to oppose the motion, but an unopposed motion and a "moot" motion are two different things.

Thus, we stand by the position articulated in my June 14 email.  Please let us know Plaintiff's response or if you all would like to discuss.

Regards,
Jane

---

**From:** Timothy D. Brennan <TBrennan@wolfpopper.com>
**Sent:** Monday, June 17, 2024 4:24 PM
**To:** Metcalf, Jane (x2152) <jmetcalf@pbwt.com>; Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>
**Subject:** RE: Schuman v. Visa - EFTA claim

**External: Think before you click.**

Hello Jane,

Thanks for your response.  I'm emailing you because Phil is out of the office today and we wanted to get back to you quickly.  We appreciate your suggestion and will consider your response and the anticipated responses of the other defendants.  We do not want to fight about procedure, but we stand by our proposal as being the most efficient under the circumstances compared to the other options (e.g., Plaintiff exercising a right to amend as a matter of course under FRCP 15(a)(1) after you file your motion; or asking the Court for leave to amend while the motion to dismiss is pending; or asking the Court to issue what would essentially be an advisory opinion on a moot issue).  If finality is your primary concern, we assure you by this correspondence that Plaintiff does not intend to seek to amend his complaint again in the future to add the EFTA claim back; and in any event, we expect that the Court would not permit Plaintiff to do so.

Please let us know if you'd like to discuss.

Thank you,

Tim

Timothy Brennan, Of Counsel

**WOLF**POPPER

845 Third Ave., New York, NY 10022
Direct Phone: (212) 451-9616
Mobile: (862) 242-0776
Email: tbrennan@wolfpopper.com
www.wolfpopper.com
Follow Wolf Popper on LinkedIn & Twitter

**From:** Metcalf, Jane (x2152) <jmetcalf@pbwt.com>

**Sent:** Friday, June 14, 2024 1:51 PM

**To:** Philip M. Black <PBlack@wolfpopper.com>; Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>

**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>; Timothy D. Brennan <TBrennan@wolfpopper.com>

**Subject:** RE: Schuman v. Visa - EFTA claim

Philip,

Thank you for your email. InComm appreciates Plaintiff's reconsideration of the EFTA claim in light of Monday's conference, but disagrees with Plaintiff's proposed approach of filing a Second Amended Complaint essentially taking back the claim. Plaintiff has already amended his complaint for the sole purpose of *adding* the EFTA claim, and InComm, in turn, has invested appreciable resources in analyzing the claim and teeing up a Rule 12 motion on it. (It also appeared from Monday's conference that the Court had invested time and effort in analyzing the parties' arguments on the claim.) Rather than having that effort go to waste, InComm would prefer to see this through and obtain an adjudication of the motion to dismiss the claim.

For these reasons, InComm does not consent to the proposed filing of a Second Amended Complaint. At the same time, as noted, InComm appreciates Plaintiff's reconsideration, and obviously does not wish to waste resources litigating a dispute that is no longer live. InComm therefore suggests the following: InComm will move to dismiss the claim as planned in its forthcoming MTD, but will note in the MTD its understanding that Plaintiff no longer intends to oppose the dismissal of that claim with prejudice. Plaintiff can then confirm this non-opposition in his responsive papers. This preserves everyone's resources, in that InComm can obtain a dispositive ruling on the motion in which it has already invested considerable time and effort; the parties need not waste resources going forward by litigating an issue that Plaintiff is willing to concede; and the Court need not waste additional resources entertaining further substantive argument on that issue. If Plaintiff agrees to proceed in this manner, InComm will agree not to pursue the claim for fees referenced in its pre-motion letter.

Please let us know if this approach is acceptable to Plaintiff. For the avoidance of doubt, I should note that the above reflects only InComm's position – counsel for Visa and Pathward can speak to those defendants' positions.

Regards,
Jane

**From:** Philip M. Black <PBlack@wolfpopper.com>
**Sent:** Thursday, June 13, 2024 11:50 AM
**To:** Daniel H. Tabak <dtabak@cohengresser.com>; Sri Kuehnlenz <SKuehnlenz@cohengresser.com>; Jillian Gray <JGray@cohengresser.com>; Metcalf, Jane (x2152) <jmetcalf@pbwt.com>; Feder, Daniel (x2236) <dfeder@pbwt.com>; Ricardo, Henry J. (x2340) <hjricardo@pbwt.com>; Christine Cesare <Christine.Cesare@bclplaw.com>
**Cc:** Patricia I. Avery <PAvery@wolfpopper.com>; Timothy D. Brennan <TBrennan@wolfpopper.com>
**Subject:** Schuman v. Visa - EFTA claim

**External: Think before you click.**

Counsel,

We have considered the points you raised in the pre-motion conference on Monday. We continue to believe that Plaintiff's EFTA claim is valid and based on a proper textual interpretation of the statute and regulations, especially considering the statute's declared primary objective of providing individual consumer rights. However, in light of the hearing, we have determined that continued litigation of the EFTA claim is not in the best interest of Plaintiff or the proposed class. Accordingly, we intend to withdraw the EFTA claim via a second amended complaint, as proposed in the attachment hereto. In the interest of efficiency, please let us know if you consent to this amendment, in which case we will file it promptly, without affecting the motion to dismiss briefing schedule. We should also submit a letter to the Court advising of the nature of the amendment and that the briefing schedule can remain in effect.

Thanks,

-----

Philip M. Black, Partner

**WOLFPOPPER**

845 Third Ave., New York, NY 10022
Direct Phone: 212-451-9628
Email: pblack@wolfpopper.com
www.wolfpopper.com

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not

the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.