USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
    :
IRA SCHUMAN, *individually and on behalf of all others*   :
*similarly situated*,     :
    :     1:24-cv-666-GHW
                    Plaintiff,   :
    :
            -against-   :     <u>ORDER</u>
    :
VISA U.S.A., INC., INCOMM FINANCIAL   :
SERVICES, INC., *and* PATHWARD, N.A.,   :
    :
                    Defendants.   :
    :
------------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

    For the reasons articulated in the Court's July 18, 2025 order to show cause, Dkt. No. 67 (the "Order to Show Cause"), the causes of action for breach of the implied warranty of merchantability and unjust enrichment asserted in Plaintiff's Third Amended Complaint, Dkt. No. 64 ¶¶ 84–95, are dismissed. Those causes of action "exceeded the scope of the permission granted" by the Court in granting Plaintiff's request for leave to amend. *Masri v. Cruz*, No. 17-cv-8356 (AT) (KHP), 2019 WL 2388222, at *3 (S.D.N.Y. June 6, 2019) (quoting *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012). The scope of the Court's grant of leave to amend the Second Amended Complaint was limited to Plaintiff's request to amend his cause of action under Section 349 of the New York General Business Law ("Section 349") and to the deficiencies identified in the Court's opinion granting Defendants' motion to dismiss the Section 349 claims brought in the Second Amended Complaint. *See generally* Order to Show Cause at 1–2.

    Plaintiff's response to the Order to Show Cause argues that the Third Amended Complaint was submitted as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Dkt. No. 68 at 3–4 ("Response"), but even assuming that Rule 15(a)(1)(B) permits amendment as a

matter of course where, as here, the plaintiff has already amended pursuant to Rule 15(a)(2),[1] Plaintiff's deadline to amend pursuant to Rule 15(a)(1)(B) was "21 days after service of [Defendants'] motion under Rule 12(b)," a deadline which has long since passed.  Fed. R. Civ. P. 15(a)(1)(B); *see* Dkt. Nos. 48, 52 (motions to dismiss the Second Amended Complaint, filed on September 3, 2024).

Plaintiff's request in his Response for leave to move for leave to amend the Third Amended Complaint, Response at 5, is granted.  The deadline for Plaintiff to move for leave to amend the Third Amended Complaint to add causes of action for breach of the implied warranty of merchantability and unjust enrichment is August 15, 2025.  Defendants' oppositions to the motion are due no later than August 29, 2025.  Plaintiff's reply, if any, is due no later than September 5, 2025.

SO ORDERED.

Dated:  July 25, 2025
New York, New York

GREGORY H. WOODS
United States District Judge

---

[1] Authorities are split on the issue of whether amendment pursuant to Rule 15(a)(1) is permissible following an amendment pursuant to Rule 15(a)(2).  Plaintiff is not wrong that the Ninth Circuit has concluded that it is, *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) ("Rule 15 is organized substantively, not chronologically."), but other courts, including courts in this district, have concluded that it is not, *e.g.*, *Davis v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 21-cv-7090 (PGG) (BCM), 2023 WL 6150009, at *12 (S.D.N.Y. Aug. 30, 2023) (concluding that "by filing her first amended complaint with Defendant's consent under Rule 15(a)(2), Plaintiff's right to amend as a matter of course under Rule 15(a)(1) was extinguished" (quotation omitted)) (collecting cases); *accord Coventry First, LLC v. McCarty*, 605 F.3d 865, 869–70 (11th Cir. 2010) ("[Plaintiff] never filed an amended complaint as a matter of course.  Instead, it chose to file a motion to amend.  We conclude that, in doing so, it waived the right to amend as a matter of course.").

2